IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| U.S. BANK N.A., | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | No. 13 C 6690 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| KENNETH E. HAUGER, MARIE E. HAUGER, and NICOR GAS COMPANY[1] | ) ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff U.S. Bank N.A. brought this foreclosure action against defendants Kenneth E. Hauger and Marie E. Hauger, the mortgagors of certain residential property. On July 11, 2014, defendants answered plaintiff's complaint, asserting as affirmative defenses that plaintiff: (1) lacked standing to foreclose the property; (2) violated the Illinois Collection Agency Act ("ICAA"); and (3) violated the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") by refusing to review defendants for loss mitigation available under the Home Affordable Modification Program ("HAMP"). Plaintiff has filed the instant motion for summary judgment pursuant to Fed. R. Civ. P. 56 (along with an accompanying motion for appointment of a special commissioner), contending that no genuine issue of material fact exists and that plaintiff is entitled to judgment as a matter of law. Plaintiff also seeks damages, interest, and

---

[1] Nicor Gas Company ("Nicor") was named as a defendant because of a January 18, 2006, judgment entered against defendant Kenneth Hauger in an unrelated case. Nicor was served with process on September 24, 2013, but according to this court's docket Nicor has never answered plaintiff's complaint and no further proceedings have been initiated against Nicor. Consequently, the court dismisses Nicor for want of prosecution.

attorney's fees and costs. For the reasons discussed below, plaintiff's motion for summary judgment is granted.

## **BACKGROUND**[2]

On or about January 15, 2003, Hartland Mortgage Centers ("Hartland") loaned defendants Kenneth Hauger and Marie Hauger $143,000. The loan was secured by property located at 489 North Chatham Avenue, Villa Park, Illinois, 60181. Defendants agreed to make monthly payments towards the loan on the first of every month, beginning on February 21, 2003. On January 15, 2003, Hartland executed an assignment of mortgage to The Provident Bank. The note was endorsed by Hartland to The Provident Bank. National City Bank s/b/m The Provident Bank, subsequently executed an assignment of mortgage to plaintiff on July 29, 2009. The note was endorsed to plaintiff by National City Bank. Beginning in August 2012, defendants failed to pay the monthly installments due on the note. On September 27, 2012, plaintiff mailed a Notice of Default to defendants. As of September 23, 2014, there remained an outstanding balance on the loan of $129,038.16, with interest accruing. As such, plaintiff seeks to foreclose on the property.

---

[2] The following facts are, unless otherwise specified, undisputed and come from plaintiff's Local Rule 56.1 statements. L.R. 56.1(b)(3) requires that "[e]ach party opposing a motion filed pursuant to Fed. R. Civ. P. 56 shall serve and file . . . a concise response to the movant's [L.R. 56.1] statement." Defendants, however, have failed to comply with this district's local rule by not responding to plaintiff's L.R. 56.1 statements, despite plaintiff alerting defendants to this shortcoming in its reply brief. Accordingly, the court deems all of plaintiff's 56.1 statements admitted. See, e.g., Stevo v. Frasor, 662 F.3d 880, 886-87 (7th Cir. 2011) ("Because of the high volume of summary judgment motions and the benefits of clear presentation of relevant evidence and law, we have repeatedly held that district judges are entitled to insist on strict compliance with local rules designed to promote the clarity of summary judgment filings."); McGuire v. United Parcel Serv., 152 F.3d 673, 675 (7th Cir. 1998) ("An answer that does not deny the allegations in the numbered paragraph with citations to supporting evidence in the record constitutes an admission.").

**DISCUSSION**

I.  **Legal Standard**

A movant is entitled to summary judgment pursuant to Fed. R. Civ. P. 56 when the moving papers and affidavits show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once a moving party has met its burden, the nonmoving party must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. See Fed. R. Civ. P. 56(c); Becker v. Tenenbaum–Hill Assoc., Inc., 914 F.2d 107, 110 (7th Cir. 1990). The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the party opposing the motion. See Green v. Carlson, 826 F.2d 647, 651 (7th Cir. 1987); Fisher v. Transco Services–Milwaukee, Inc., 979 F.2d 1239, 1242 (7th Cir. 1992).

A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Stewart v. McGinnis, 5 F.3d 1031, 1033 (7th Cir. 1993). The nonmoving party must, however, "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." Anderson, 477 U.S. at 252.

II. **Analysis**

This matter is before the court pursuant to the court's diversity jurisdiction. See 28 U.S.C. § 1332. In diversity cases, the court applies federal procedural law and state substantive

3

law, e.g., Santa's Best Craft, LLC v. St. Paul Fire & Marine Ins. Co., 611 F.3d 339, 345 (7th Cir. 2010), employing the choice-of-law principles utilized by the forum state, see United States Textiles, Inc. v. Anheuser-Busch Cos., I, 911 F.2d 1261, 1269 (7th Cir. 1990). Here, paragraph 16 of the mortgage states that "this Security Instrument shall be governed by . . . the law of the jurisdiction in which the Property is located." Because this provision governs and the property at issue is located in Illinois, the court will apply Illinois law.

Defendants do not dispute that they were required to make monthly payments under the terms of the note, that they failed to make any payments since August 2012, or that there remains an outstanding balance on their loan that continues to accrue interest. Nor do they dispute that plaintiff has possession of the note or that the note is authentic. Thus, the factual record before the court demonstrates that there are no genuine issues of material fact with respect to any elements of plaintiff's foreclosure claim; namely, that: (1) defendants had a mortgage; (2) they failed to pay; and (3) they defaulted. Defendants have offered no evidence to contradict these facts.

Defendants argue only that a genuine issue of material fact exists as to whether plaintiff has standing to foreclose the mortgage and as to whether plaintiff violated the ICFA by engaging in "unfair" conduct.[3] Defendants contend that plaintiff lacks the legal capacity to bring the present foreclosure action because the assignment of the note to plaintiff was improper under the terms of the trust instrument, rendering the assignment void. Specifically, defendants argue that

---

[3] Defendants initially alleged as an affirmative defense that plaintiff violated the ICAA. However, in their response brief, defendants seem to have withdrawn the defense in light of the Assignment of Mortgage dated July 29, 2009, submitted by plaintiff as a part of its motion for summary judgment.

the assignment was improper because the note was assigned after the trust was authorized to accept assigned property and because the trust was permitted to accept assignments of property only from a structured asset securities corporation. Because neither of these conditions were met, defendants argue that "no transfer was properly created and the assignment is void," providing defendants with "the right to challenge Plaintiff's standing."

In response, plaintiff argues that under Illinois law, "mortgagors do not have standing to raise alleged breaches of these trust agreements because they were not a party to the trust agreement" unless "the transfer into the trust renders the transfer void, rather than merely voidable." Plaintiff contends that while Illinois law controls the parties mortgage, "for purposes of determining whether the transfer of the trust renders the transfer void, courts should look to the contract entered into by the plaintiff trust." Section 9.06 of the Transfer and Servicing Agreement of the Trust, attached as exhibit 1 to plaintiff's reply brief, provides that the agreement shall be construed by the laws of New York. Defendants, however, argue that Delaware law, not New York law, controls whether the alleged flaws in the present assignment are void or voidable because the trust is a "Delaware statutory trust." Defendants assert that under Del. Code Tit. 12 § 3536, assignments that are unassignable by the terms of the trust instrument are void. The court disagrees.

In <u>Bank of Am. Nat'l Ass'n v. Bassman FBT, LLC</u>, 981 N.E.2d 1, 5-6 (Ill. App. Ct. 2012), the court found that when determining the validity of the transfer of the mortgage into a trust administered by the plaintiff, the trust agreement's choice-of-law provision governs. Accordingly, because the trust agreement specifies New York law as controlling, the court will apply New York law in determining whether the assignment was void. As the state appellate

5

court in Bassman decided after an in-depth review of New York case law, "a trustee's *ultra vires* acts are not void," but merely voidable. Id. at 9 (emphasis included). Consequently, because the assignment here is only voidable, not void, defendants do not have standing to challenge the assignment.

Defendants also argue that summary judgment is not proper because there is a genuine issue of material fact as to whether plaintiff violated the ICFA. Defendants allege that plaintiff engaged in unfair conduct that violated the ICFA when it failed to send defendants two written notices of default in contravention of the standards of conduct outlined in the Making Home Affordable Handbook. Defendants also argue that plaintiff's conduct was unfair because it did not review defendants for loss mitigation or conduct a pre-foreclosure evaluation as required by the Home Affordable Modification Program.

Contrary to defendants' assertions, a potential ICFA claim is not grounds to deny plaintiff's motion for summary judgment. As plaintiff points out, the ICFA is not an affirmative defense to a mortgage foreclosure action, but instead provides a mortgagor with a discrete cause of action where the act has been violated. See, e.g., Bobbit v. Victorian House, Inc., 532 F. Supp. 734, 736 (N.D. Ill. 1982) (suggesting two definitions of what constitutes an affirmative defense: (1) "something that generally admits the matters in a complaint but suggests some other reason why there is no right to recovery;" and (2) "something that raises a matter outside of the scope of plaintiff's prima facie case"). Moreover, even if an ICFA claim was a proper affirmative defense, Fed. R. Civ. P. 56(e) makes clear that "a party opposing summary judgment may not rely on the allegations of her pleadings." Waldridge v. Am. Hoechst Corp., 24 F.3d 918, 920 (7th Cir. 1994). "[I]f the non-movant does not come forward with evidence that would

reasonably permit the finder of fact to find in her favor on a material question, then the court *must* enter summary judgment against [the nonmovant]." Id. (emphasis included). Defendants have not submitted any evidence, such as affidavits, establishing the alleged ICFA violation. The fact that plaintiff may not have responded to defendants' Request for Mortgage Assistance that was sent a month after plaintiff filed the present motion for summary judgment does not create a question of material fact.

Because plaintiff has submitted uncontroverted evidence supporting all elements of its mortgage foreclosure claim, the court grants summary judgment on the claim.

## CONCLUSION

For the reasons stated above, the court grants plaintiff's motion for summary judgment (Doc. 34) and enters judgment in favor of plaintiff U.S. Bank N.A. and against defendants Kenneth E. Hauger and Marie E. Hauger, and grants plaintiff's motion for appointment of a special commissioner (Doc. 37). Plaintiff is directed to submit a final judgment order of foreclosure for presentation on March 4, 2015, at 9:15 a.m.

**ENTER:** February 18, 2015

_____
**Robert W. Gettleman**
**United States District Judge**